IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DEMETRIUS TERRELL WOODS, #28007-034**                               **PETITIONER**

**VERSUS**                                       **CIVIL ACTION NO. 5:10cv177-DCB-RHW**

**BRUCE PEARSON, Warden FCI-Yazoo City**                              **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Complex, Yazoo City, Mississippi, filed this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, on November 9, 2010. As directed, Petitioner filed a Response [3] on January 26, 2011, providing additional information concerning his request for habeas relief. Upon review of the Petition [1] and Response [3], along with the applicable case law, the Court has reached the following conclusions.

**I. Background**

On December 4, 2002, Petitioner was convicted for distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1), by the United States District Court for the Eastern District of Louisiana. Petitioner was sentenced to serve a 262- month term of imprisonment followed by a 5- year term of supervised release. *See United States v. Woods*, 2:01-cr-313 (E.D. La. Dec. 4, 2002). Petitioner subsequently filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court on August 4, 2005.

Petitioner claims that he was improperly sentenced as a "career offender" based on a previous state court conviction for sexual battery. Specifically, Petitioner alleges that his sexual battery offense does not qualify as a crime of violence as required for sentencing as a career offender. As support for his claims, Petitioner relies on the United States Supreme Court's

decisions in *United States v. Begay*, 553 U.S. 137 (2008) and *Johnson v. United States*, 130 S.Ct. 1265 (2010).[1] As relief, Petitioner is asking this Court to vacate his current sentence and re-sentence him without the career offender sentencing enhancement.

## II. Analysis

Initially, the Court notes that a petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). By contrast, a motion filed pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000)(quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). The proper vehicle for challenging errors that "occurred during or before sentencing" is a motion pursuant to § 2255. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997)(citations omitted). Petitioner's claim that he was improperly sentenced as a career offender does not challenge the execution of his federal sentence but instead attacks the validity of his federal sentence. Since any alleged constitutional violations regarding Petitioner's career offender classification "occurred during or before sentencing," they are not the properly pursued in a § 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002)(citing *Pack*, 218 F.3d at 452.). The Fifth

---

[1] In *Begay*, the Court held that a conviction for driving under the influence of alcohol under New Mexico law was not a "violent felony" within the meaning of the residual clause of the Armed Career Criminal Act (ACCA). In *Johnson*, the Court held that a conviction for battery under Florida law was not a "violent felony" for purposes of the ACCA.

Circuit, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim "that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner Woods bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Id*. at 901; *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001)("[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner.").

Petitioner contends that he meets the requirements to proceed under the savings clause based on the doctrine of actual innocence, as demonstrated by the Eleventh Circuit opinions in *Wofford v Scott*, 177 F.3d 1236 (11th Cir. 1999), and *Gilbert v. United States,* 609 F.3d 1159 (11th Cir. 2010).[2]  However, the Fifth Circuit has consistently relied on *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000), to disallow such claims under the savings clause.[3]  Specifically, the Fifth Circuit has stated that "a claim of actual innocence of a career offender enhancement is

---

[2]The Court notes that the apparent version of the *Gilbert* opinion relied on by the Petitioner was vacated by the Eleventh Circuit in a subsequent opinion.  *See Gilbert v. United States*, 625 F.3d 716 (11th Cir. 2010).  In addition, on rehearing en banc, the Eleventh Circuit held that Gilbert could not use a habeas corpus petition via the savings clause to challenge a sentence that did not exceed the statutory maximum. *See Gilbert v. United States*, No. 09-12513, 2001 WL 1885674, at *1 (11th Cir. May 19, 2011).

[3]*See Glover v. Tamez*, No. 11-10060, 2011 WL 2118649 (5th Cir. May 27, 2011); *McNeal v. Martin*, No. 10-41213, 2011 WL 1664486 (5th Cir. May 4, 2011);  *Dority v. Roy*, No. 10-40288, 2010 WL 4558884 (5th Cir. Nov. 8, 2010);  *Hartfield v. Joslin*, 235 Fed. App'x 357, 2007 WL 2376707 (5th Cir. 2007); *Robertson v. United States*, 234 Fed. App'x 237, 2001 WL 2005591 (5th Cir. 2007);  *Walker v. United States*, 61 Fed. App'x 121, 2003 WL 342338 (5th Cir. 2003)*;  Washington v. Bogan*, 273 F.3d 1101, 2001 WL 1075869 (5th Cir. 2001).

not a claim of actual innocence of the crime of conviction and, thus, does not warrant review under § 2241." *Campbell v. Maye*, No. 10-50955, 2011 WL 2342690, at *1 (5th Cir. June 14, 2011)(citing *Kinder*, 222 F.3d at 213-14).  Therefore, since Petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action for habeas corpus relief pursuant to 28 U.S.C. § 2241.

### III. Conclusion

As explained above, Petitioner's claims are not properly pursued under § 2241 and Petitioner has not met the requirements to proceed under the "savings clause."  Therefore, this Petition for habeas relief shall be dismissed as frivolous and to the extent that the Petition can be construed as a § 2255 motion it shall be dismissed for this Court's lack of jurisdiction.  *See Pack,* 218 F.3d at 454.

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the ___22nd___ day of June, 2011.

                                                ___s/ David Bramlette___
                                                UNITED STATES DISTRICT JUDGE